## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| HASAN ALSAGA, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CITIZENS UNITED RECIPROCAL EXCHANGE (a/k/a CURE INSURANCE), FADHL ALHANSHALI, and DAILY BLACK FRIDAY LLC<br><br>　　　　　Defendants. | Case No.<br>Hon.<br>Mag. Judge<br><br>**NOTICE OF REMOVAL**<br><br>[Complaint Originally Filed in the State of Michigan Third Judicial Circuit Court for the County of Wayne, Case No. 25-000563-NF] |

**TO:**   Clerk of the Court　　　　　　　Majed A. Moughni
　　　United States District Court　　　Abdallah M. Moughni
　　　Eastern District of Michigan　　　MOUGHNI LAW, PLLC
　　　Theodore Levin U.S. Courthouse　290 Town Center Drive
　　　231 W. Lafayette Blvd.　　　　　Suite 230
　　　Room 599　　　　　　　　　　　Dearborn, MI 48126
　　　Detroit, MI 48226

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1453, Defendant Citizens United Reciprocal Exchange ("CURE") (improperly pleaded as "Citizens United Reciprocal Exchange, (aka. CURE INSURANCE)"), hereby removes the above-captioned civil action, and all claims and causes of action therein, from the State of Michigan Third Judicial Circuit Court for the County of Wayne to the United States District Court for the Eastern District of

Michigan. For the reasons set forth below, removal is proper pursuant to the Class Action Fairness Act of 2005 ("CAFA").

## I.    BACKGROUND

1.      On or about January 13, 2025, Plaintiff Hasan Alsaga filed a Complaint in the State of Michigan Third Judicial Circuit Court for the County of Wayne, captioned *Hasan Alsaga, Individually and on behalf of all others similarly situated v. Citizens United Reciprocal Exchange, (aka. CURE Insurance), Fadhl Alhanshali, and Daily Black Friday LLC*, Case No. 25-000563-NF.

2.      In the Complaint, Plaintiff alleges that CURE and Defendants Fadhl Alhanshali ("Alhanshali") and Daily Black Friday LLC ("DBF") have perpetrated a fraud against consumers of automobile insurance coverage in Michigan by rescinding policies based on a "loophole in the insurance contract." *See* Compl. ¶ 1 (Ex. A).

3.      Plaintiff alleges that Alhanshali is an employee of DBF and "represent[s] himself as an insurance agent for" CURE, and in this capacity has enticed auto insurance customers to purchase coverage from CURE "by offering 'cheap' insurance and completing on line *[sic]* applications and charging a $100 fee for his service." Compl. ¶ 4 (Ex. A). Plaintiff further alleges that Alhanshali "would provide fraudulent information by stating that the Plaintiffs, lived alone, thereby giving them the cheapest Insurance rate possible." *Id.* ¶ 5. Plaintiff further

alleges that after an automobile accident, CURE "would rescind the policy, as the information provided was false." *Id.*[1]

4.      Plaintiff seeks to represent a class encompassing "[a]ll persons in the state of Michigan who purchased automobile insurance at any time since Defendants began selling auto insurance in the state of Michigan and for all claimants whose insurance policies were rescinded after an automobile accident." Compl. ¶ 16 (Ex. A).

5.      Plaintiff further alleges that he seeks to represent a class of "consumers and claimants in the state of Michigan who may have purchased insurance, paid premiums and were denied coverage after an automobile accident by way of rescission." Compl. ¶ 11 (Ex. A). Plaintiff further alleges that the relief sought includes "damages, restitution, and injunctive relief." *Id.* The injunction sought by Plaintiff is to "prevent Defendants from operating in the State of Michigan under the false pretense of selling insurance when these insurance

---

[1]      CURE states for the record that it has no relationship whatsoever with Alhanshali or DBF, and that Alhanshali and DBF are not authorized CURE agents and do not appear to be properly licensed to sell insurance in the State of Michigan. Following the receipt of Plaintiff's Complaint, CURE also sent Alhanshali and DBF a cease-and-desist letter demanding that they immediately stop representing that they are CURE agents and/or that they are otherwise permitted to procure or sell CURE automobile insurance policies for Michigan drivers. CURE reserves all rights as to any purported misconduct of Alhanshali and DBF, including but not limited to the filing of Cross-Claims in this action.

policies would later be rescinded by way of finding defects in the insured *[sic]* application of insurance." *Id.* ¶ 12.

## II.     TIMELINESS OF REMOVAL

6.     A notice of removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" 28 U.S.C. § 1446(b)(1). As this action is a putative class action, the consent of all Defendants is not required. 28 U.S.C. § 1453(b).

7.     CT Corporation, CURE's registered agent, received a Summons and Plaintiff's Complaint on January 15, 2025, via U.S. Mail. A copy of all papers received on this date by CURE's registered agent in Michigan is attached hereto as Exhibit A. Accordingly, the filing of this Notice of Removal is timely.

## III.    JURISDICTION

8.     The Court has original jurisdiction over this action because it is a putative class action in which, according to Plaintiff, the amount in controversy exceeds $5,000,000 exclusive of interest and costs, there is minimal diversity between the parties, and the class proposed to be certified has more than 100 members. *See* 28 U.S.C. § 1332(d).

### A.    Minimal Diversity

9.     Under CAFA, only minimal diversity is required to establish federal jurisdiction. 28 U.S.C. § 1332(d)(2)(A). In other words, at least one putative class

member must be a citizen of a state different from that of any named defendant. Minimal diversity exists in this case because Plaintiff is a citizen of Michigan, while CURE is a citizen of New Jersey.

10.     A person's domicile is his or her citizenship for jurisdictional purposes. *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994) ("We equate the citizenship of a natural person with his domicile."). There is also a rebuttable presumption that a person's residence is his or her domicile. *Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 389 (6th Cir. 2016); *see also Edick v. Poznanski*, 6 F. Supp. 2d 666, 669 (W.D. Mich. 1998) ("Place of residence is prima facie evidence of domicile.") (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Among the factors in determining domicile are the place where personal property (including automobiles) is located, and the location of a person's lawyer. *Id.*

11.     In his Complaint, the Plaintiff alleges that he and 15 other family members live at 5202 Middlesex Street in Dearborn, Michigan. Compl. ¶ 8 (Ex. A). Through this lawsuit—filed by his Michigan lawyers—Plaintiff also seeks to represent a class of Michigan purchasers of automobile insurance. *Id.* ¶ 16. In sum, by his own admission, Plaintiff has a Michigan address, Michigan lawyers, and presumably maintains at least one automobile in Michigan (otherwise there would be no reason for him to purchase automobile insurance coverage). Accordingly,

Plaintiff is a Michigan resident. Plaintiff's domicile is therefore presumed to be Michigan, and Plaintiff is a citizen of Michigan for purposes of diversity jurisdiction.

12.     Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

13.     CURE is an unincorporated association not owned by any other person or entity.

14.     CURE has its principal place of business at 214 Carnegie Center in Princeton, New Jersey.

15.     CURE was organized under the laws of the State of New Jersey. Specifically, CURE was organized in 1990 as a reciprocal inter-insurance exchange pursuant to N.J.S.A. 17:50-1.[2]

16.     As CURE is an unincorporated association organized under New Jersey law, and has its principal place of business in New Jersey, CURE is a citizen of New Jersey.

17.     As Plaintiff is a citizen of Michigan and CURE is a citizen of New Jersey, the minimal diversity requirement of CAFA is satisfied.

---

[2]     CURE was originally known as New Jersey Citizens United Reciprocal Exchange ("NJ CURE"), and changed its name from NJ CURE to CURE in 2007 due to its expansion into Pennsylvania.

**B.     The Number of Putative Class Members and the Amount in Controversy**

18.     CAFA applies to proposed classes of at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Under CAFA, the individual class members' claims are aggregated to determine the amount in controversy, which must exceed $5,000,000 (exclusive of interest and costs) in order for a district court to have jurisdiction. 28 U.S.C. §§ 1332(d)(2) and (6).

19.     "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)).

20.     Plaintiff asserts that if the proposed class is certified, "the amount in controversy may exceed the sum of **FIVE HUNDRED MILLION DOLLARS ($500,000,000) Dollars *[sic]*,** as claimants whose policies were rescinded could number in the thousands and each of their individual claims could be worth thousands of dollars for outstanding no fault benefits." Compl. ¶ 6 (Ex. A).

21.     While CURE denies that Plaintiff and the putative class members are entitled to any of the damages alleged in the Complaint, the allegations asserted in the Plaintiff's Complaint state that the number of putative class members is greater than 100 and the amount in controversy is greater than $5,000,000, thus satisfying CAFA's jurisdictional requirements.

## IV.   VENUE

22.     Venue is proper in the Eastern District of Michigan, Southern Division because it is where a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred, and because it includes Wayne County, which is where Plaintiff originally filed his Complaint in the Third Judicial Circuit Court of the State of Michigan. *See* 28 U.S.C. §§ 1391(a), 1391(b)(2), 1441(a), and 102(a)(1).

## V.   NOTICE

23.     A copy of this Notice of Removal will be promptly served on Plaintiff through his counsel and filed with the Clerk of the State of Michigan Third Judicial Circuit Court for the County of Wayne. 28 U.S.C. § 1446(d).

## VI.   CONCLUSION

24.     For the reasons set forth above, CURE respectfully requests that this action be removed from the State of Michigan Third Judicial Circuit Court for the County of Wayne to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

*/s/Timothy A. Diemer*
Timothy A. Diemer
**Jacobs and Diemer, P.C.**
211 West Fort Street, Suite 1400
Detroit, Michigan 48226
(313) 965-1900

tdiemer@jacobsdiemer.com

*/s/Anthony Argiropoulos*
Anthony Argiropoulos
**Epstein Becker & Green, P.C.**
150 College Road West, Suite 301
Princeton, New Jersey 08540
(609) 455-1540
aargiropoulos@ebglaw.com

Dated: February 12, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 12, 2025, via the CM-ECF/Pacer System, I e-filed and e-served the foregoing paper with this Honorable Court and all Counsel of Record, and such filing has been served on the following non-ECF participants: Wayne County Circuit Court, through its e-filing system, and Majed A. Moughni, Abdallah M. Moughni, Moughni Law, PLLC, by electronic mail.

Dated: February 12, 2025

Respectfully submitted,
*/s/Timothy A. Diemer*
Timothy A. Diemer (P65084)
**Jacobs and Diemer, P.C.**
tdiemer@jacobsdiemer.com